**(113 So. 127)**

**No. 26966.**

**BOARD OF COM'RS OF PORT OF NEW ORLEANS v. TOYO KISEN KAISHA.**

April 25, 1927.  Rehearing Denied May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Limitation of actions** &#8258;11(1)—**Prescription liberandi causa runs against state agencies, such as board of port commissioners (Civ. Code arts. 453, 454, 458, 3521; Const. 1921, art. 19, § 16).**

In view of Civ. Code, art. 3521, prescription liberandi causa, which operates release of debt by mere lapse of time, as distinguished from prescription acquirendi causa, whereby ownership of corporeal things, including public things under articles 453, 454, 458, is acquired by mere possession and lapse of time, runs against public corporations or agencies of state, such as board of port commissioners, though not against state itself, under Const. 1921, art. 19, § 16.

2. **Limitation of actions** &#8258;105(2)—**Prescription; libeling ship in admiralty court, though insufficient for personal judgment against owner, interrupted prescription against suit in state court for damages to wharf.**

Libeling of ship before admiralty court, though not sufficient for personal judgment against owner, sufficed to notify owner of nature and grounds of, and intent to assert, libelant's claim for damages to wharf, which was enough to interrupt prescription against damage suit in state court.

Thompson, J., dissenting in part.

Appeal from Twenty-Ninth Judicial District Court, Parish of St. Barnard; L. H. Perez, Judge.

Action by the Board of Commissioners of the Port of New Orleans against Toyo Kisen Kaisha, as owner of the Japanese steamship Fukuyu Maru. From a judgment sustaining defendant's plea of prescription, plaintiffs appeal. Reversed, plea overruled, and case remanded.

Arthur McGuirk, of New Orleans, for appellants.

Denegre, Leovy & Chaffe, of New Orleans, for appellee.

163 La.—28

ST. PAUL, J.  Plaintiffs, as administrators of the public wharves of the Port of New Orleans, sued the defendant, as owner of the Japanese steamship Fukuyu Maru, for alleged damages to one of said wharves, caused by the alleged negligence of those in charge of said steamship.

### I.

As the alleged damages occurred on November 15, 1921, and this suit was filed only on August 15, 1923, the defendant has pleaded the prescription of one year applicable to claims arising ex delicto under R. C. C. art. 3536.

As to which plaintiff urges (1) that, being a "state agency," no prescription runs against it because prescription does not run against *the state* in civil matters, Const. 1921, art. 19, § 16, p. 121; and (2) that, in any event, said prescription was interrupted by plaintiff having *libeled* the ship before the Admiralty (United States District) Court within the year.

### II.

[1] We are not here concerned with the prescription *acquirendi causa*, whereby the ownership of things corporeal is acquired by mere possession and lapse of time; and it may be conceded that the ownership of public things, "the property of which is vested in a whole nation, and the use of which is allowed to all the members of the nation" (R. C. C. arts. 453, 454, 458), cannot be acquired by this kind of prescription, regardless of who may, for the time being, be intrusted with the *administration* thereof. Cf. City of New Orleans v. Salmen Brick & Lumber Co., 135 La. 828, Syl. 15, 16, 66 So. 237.

But the prescription *liberandi causa*, which operates a release from debt by the mere lapse of time, is another matter.

And in view of R. C. C. art. 3521, which declares that prescription runs against all persons unless they are included in some ex-

ception established by law, we are not prepared to hold that the exception thus established in favor of *the state* applies to any or all other public corporations or agencies; for this constitutional provision is only the reduction to statutory form of a principle of public law already long established by universal jurisprudence, which principle has very generally been confined to actions brought by and in the name of the state itself. 17 R. C. L. 973.

·III.

[2] But we think the prescription was interrupted by the libeling of the ship. It is true that this would not have sufficed for a personal judgment against this defendant, but it did suffice to notify defendant of the nature and grounds of plaintiff's claim and that plaintiff meant to assert said claim; and this was enough to interrupt prescription. Vernon v. Illinois Central R. Co., 154 La. 370, 97 So. 493.

In Stanbrough v. McCall, 4 La. Ann. 322, 324, it was held that, where the creditor had two actions for the amount of his debt, one *in personam* and the other *in rem* against the property of his debtor, the pursuit of his claim in either form interrupted prescription as to the other form of action.

This was the case here. Plaintiff had two actions for the recovery of its claim, one in personam and one in rem. The pursuit of its action *in rem* against the ship interrupted prescription as to the action *in personam* which it now brings.

We think the trial judge erred in sustaining defendant's plea of prescription.

### Decree.

The judgment appealed from is therefore reversed, and defendant's plea of prescription overruled, and the case is now remanded to the court below for further proceedings according to law, defendant to pay the costs of this appeal, and all other costs to await the final judgment.

THOMPSON, J., concurs in the decree, but is of the opinion that prescription does not run against the plaintiff board.