HIGGINS, Justice.
 

 The plaintiffs instituted a slander of title or jactitation action against the Levee District and its mineral lessee claiming to be in possession of tracts of land in the Atchafalaya basin, and alleging that the Levee District was slandering and clouding their titles by recording a purported transfer of the land by the State to itself in 1896 and by leasing the land for mineral development in 1937 and 1941.
 

 In their answers, the defendants admitted that the plaintiffs owned a three-fourths interest in the land in question and then averred that the Levee District acquired an undivided one-fourth interest therein by virtue of a transfer from the State of Louisiana, dated March 7, 1896, the State having acquired the property by virtue of a tax sale made on July 27, 1893, when the property was assessed in the name of Joseph Bloch; and that the Levee District had never sold its interest in the property.
 

 The plaintiffs filed a supplemental and amended petition deraigning their title by mesne conveyances back to a tax sale dated July 14,
 
 1891. They
 
 pleaded
 
 estoppel on
 
 the ground that the Levee District had levied and collected taxes on all of the land from the plaintiffs and their authors in title for nearly fifty years. They also pleaded prescription of ten years acquirendi causa, under the provisions of Article 3478 of the Revised Civil Code, and alleged that, if the court applied the provisions of Act 76 of 1938 to the facts of this case by giving it retroactive effect, the statute would become unconstitutional, by depriving the
 
 *381
 
 plaintiffs of a vested right without due process of law.
 

 The Attorney General took cognizance of the attack upon the constitutionality of the statute and under the authority vested in him by Secion 56 of Article VII of the Constitution of 1921, intervened in the case.
 

 After a trial on the merits there was judgment in favor of the original plaintiffs, maintaining the plea of prescription of ten years, it having been proved that they had open, public and peaceful possession of the property for more than ten years prior to the year of 1921 under deeds translative of title which was acquired for a valuable consideration in good faith upon the face of the public record.
 

 The original defendants appealed.
 

 It is conceded that the defendants in the slander of title suit, by their answer, converted the litigation into a petitory action and they have the burden of establishing a superior title to the one asserted by the plaintiffs and must rest upon the strength of their own title and not the weakness of their adversaries’. The defendants'are no longer contesting the fact that the plaintiffs have occupied and possessed the property in question openly, publicly, and peacefully under deeds translative of title, having purchased for value, in good faith, upon the public record. The sole point presented by the defendants before this Court is that acquisitive prescription under Article 3478, R.C.C., does not run against the Levee District because it is an agency of the State, which is immune from prescription. Section 16, Article 19, Constitution of 1921 and Article 193 of Constitution of 1898.
 

 In the cases of Board of Commissioners of Caddo Levee District v. Pure Oil Co., 167 La. 801, 120 So. 373, and Board of Commissioners of Tensas Basin District v. Earle et al., 169 La. 565, 125 So. 619, it was held that while a levee district was an agency of the State performing public service, it was subject to a plea of prescription liberandi causa. See, also, Graham v. Tignor et al., 23 L.Ann. 570; State v. White, 23 La.Ann. 733; Board of Commissioners of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127, and Board of Levee Com’rs of Orleans Levee District v. Whitney Trust & Savings Bank, 171 La. 28, 129 So. 658.
 

 Counsel for the defendants contend that the foregoing authorities are not pertinent here because a plea of prescription liberandi causa was involved in them, whereas a plea of prescription acquirendi causa is presented in this case. They do not point out any reason for making the distinction.
 

 An examination of the first two cases cited shows that the Levee District sought to have the Court declare them exempt from prescription as agencies representing the State and performing public functions. The Court specifically answered this question by stating [169 La. 565, 125 So. 620]: “There can be no mistake as to the ruling of the court in the Pure Oil Case, supra. It was that prescription did run against a levee board as a separate entity from the state, vested with the power of alienation and with the right to sue and be sued.”
 

 
 *383
 
 It is said that the above authorities are unsound and should be overruled and if not overruled, confined to prescription liberandi causa only and not extended to acquisitive prescription. The basis of the decisions is that a Levee District is a corporation so distinct and independent that it is a separate entity from the State. No reasons are assigned why the jurisprudence should be disturbed except the same ones which were rejected by the Court in considering those cases. On the other hand, the record in the instant case establishes that the Town of Krotz Springs is located wholly on the lands in controversy and that homes, churches, schools and places of business have been erected and maintained thereon and the Board itself has had the property assessed for taxes, which were paid by the, claimants and their authors in title for many years. While it is true that this Court has said it would overrule a decision or decisions inadvisedly made and working injuriously to public interest, in the present case more harm would result in overruling the cited authorities than by upholding them for it is obvious that unjustice and confusion would result therefrom. Miami Corp. v. State of Louisiana, 186 La. 784, 173 So. 315; Reeves v. Globe Ind. Co., 185 La. 42, 168 So. 488.
 

 It is also conceded that the provisions of Article IV, Section 2, of the Constitution of 1921 and Act 76 of 1938 operate prospectively and not retroactively. Since it was clearly established that the plaintiffs’ rights or prescriptive titles were acquired prior to 1921, neither the above referred to section of the Constitution nor act of the Legislature are applicable here.
 

 For the reasons assigned, the judgment of the district court is affirmed, appellants to pay all costs of court.
 

 O’NIELL, C. J., concurs in the decree.
 

 PONDER, J., takes no part.