THERIOT, J.
lain this antitrust and unfair trade practices suit, the plaintiff-appellant, the State of Louisiana, by and through its Attorney General James D. “Buddy” Caldwell[1] (“the State”), appeals a judgment rendered by the trial court in favor of the defendants-appellees, Fournier Industrie et Sante and Laboratories Fournier, S.A., Abbott Laboratories, and AbbVie, Inc., sustaining the defendants’ exception of prescription and peremption and ordering the dismissal of the State’s claims with prejudice. For the following reasons, we deny the State’s application for supervisory writ, maintain the appeal, vacate the trial court’s ruling sustaining the exception of prescription and peremption, and remand this case to the trial court for further proceedings.
FACTS AND PROCEDURAL BACKGROUND
On March 5, 2015, the State filed suit against the defendants pursuant to the enforcement powers of the Attorney General as provided by various Louisiana laws and statutes, including, inter alia, the Louisiana Unfair Trade Practices Act (“LUT-PA”) and the Louisiana Monopolies Act (“LMA”). The defendants are corporate entities that developed and manufactured the cholesterol drug “TriCor.” The active pharmaceutical ingredient in TriCor is fe-nofibrate, a chemical used to treat high cholesterol.
The State alleged in its petition that between approximately 1997 and 2005, the defendants illegally engaged in an anti-competitive scheme to prevent or delay less expensive generic fenofibrate drugs from entering the market. The State specifically alleged the defendants had filed fraudulent patent applications with the United States Patent and Trademark Office, unlawfully listed unenforceable patents in the Food and Drug Administration |/‘Orange Book,” engaged in “product hop *1083 ping,” and filed sham litigation against would-be competitors in order to prevent or delay market competition.
The State claimed that, as a result of the defendants’ unlawful and anticompetitive behavior, they were able to illegally maintain monopoly power in the fenofibrate pharmaceutical market in the United States for several years. The State averred that, during such time, the defendants sold more than $10,000,000,000.00 in TriCor and maintained the price of TriCor at supra-competitive levels. The State further claimed the defendants’ conduct had resulted in the State overpaying millions of dollars in reimbursements for TriCor prescriptions to patients through the Louisiana Medicaid program.
The State presented several claims for relief based upon the foregoing allegations. The State prayed that judgment be entered in its favor against the defendants for restitution in an amount to be determined at trial, treble damages, and reasonable attorney fees under the provisions of the LMA, La. R.S. 51:121, et seq. Second, the State prayed that judgment be entered in its favor against the defendants for restitution in an amount to be determined at trial, fees, attorney fees, costs, and expenses under the provisions of LUTPA, La. R.S. 51:1401, et seq. Third, and in the alternative, the State prayed that judgment be entered in its favor against the defendants for costs, expenses, and attorney fees under the concept of unjust enrichment as codified by La. C.C. art. 2298. Finally, the State presented a general prayer for relief requesting damages in the amount proven at trial, together with prejudgment interest, costs of the proceedings, fees, attorney fees, expenses, and any further relief as may be justified and to which the State may be entitled by law.
|Jn response to this suit, on May 8, 2015, the defendants filed exceptions of prescription and peremption, no right of action, and no cause of action, along with supporting memoranda. The State opposed these exceptions. The trial court heard arguments on the defendants’ exceptions. No evidence was accepted at the hearing on the exceptions. On August 3, 2015, in open court, the trial court sustained the defendants’ exception of prescription and per-emption. The trial court provided oral reasons for judgment. Thereafter, on August 11, 2015, the trial court signed a judgment in accordance with its oral ruling, granting the exception of prescription and peremption, pretermitting judgment on the alternative exceptions of no right of action and no cause of action, and ordering the dismissal of all claims brought against the defendants by the State. The State now appeals.[2]
ASSIGNMENTS OF ERROR
The State presents two assignments of error on appeal:
1. The trial court erred in sustaining the defendants’ exception of prescription and peremption in this suit, which was brought solely in the *1084 name of the State of Louisiana, as the real party in interest, against which prescription does not run.
2. The trial court erred in sustaining the defendants’ exception of prescription and peremption, based upon the defendants’ incorrect assumption that the State of Louisiana is not the proper party in interest to bring the suit and/or that the Louisiana Department of Health and Hospitals has the sole right to assert these claims.
STANDARD OF REVIEW
The facts of this case are not in dispute. No evidence was introduced at the hearing on the defendants’ exception of prescription and peremption. |nThe trial court’s judgment raises a pure question of law for appellate review. In a case involving no dispute regarding material facts, but only the determination of a legal issue, the reviewing court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference. See TCC Contractors, Inc. v. Hospital Service Dist. No. 3 of Parish of Lafourche, 10-0685 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103, 1108.
The party urging the exception of prescription has the burden of proving facts to support the exception, unless the petition is prescribed on its face. Although evidence may be introduced to support or controvert the peremptory exception of prescription, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, with all allegations accepted as true. See Cichirillo v. Avondale Industries, Inc., 04-2894 (La. 11/29/05), 917 So.2d 424, 428. See also La. C.C.P. art. 931.
DISCUSSION
Louisiana Constitution, Article 12, Section 13, states: “Prescription®[3] shall not run against the [Sjtate in any civil matter, unless otherwise provided in this constitution or expressly by law.” The State’s constitutional immunity from prescription is an established feature of Louisiana law. In fact, an identical provision was found in Article 19, Section 16, of the Louisiana Constitution of 1921; Article 193 of the Louisiana Constitution of 1913; and Article 193 of the Louisiana Constitution of 1898. See Terrebonne Parish Sch. Bd. v. Southdown, Inc., 03-0402 (La.App. 1 Cir. 7/14/04), 887 So.2d 8, 11. The constitutional exception is based upon the traditional doctrine of nullum tempus occurrit vegi, which means, “time does not run against the King.” See Terrebonne Parish Sch. Bd. v. Mobil Oil Corp., 310 F.3d 870, 878 (5th Cir. 2002).
According to the plain language of La. Const, art. 12, § 13, the benefits of the constitutional immunity from prescription inure in favor of the State. Thus, the constitutional immunity “has very generally been confined to actions brought by and in the name of the [S]tate itself.” Bd. of Com’rs of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127, 128 (1927) (interpreting Article 19, Section 16, of the Louisiana Constitution of 1921). Municipal corporations and independent state agencies with a distinct legal exis *1085 tence separate from that of the State do not enjoy the benefits of the constitutional immunity from prescription. See e.g., State, Through Dep’t of Highways v. City of Pineville, 403 So.2d 49 (La. 1981); Town of Broussard v. Broussard Vol. Fire Dep’t., 357 So.2d 25 (La. App. 3 Cir. 1978); Lincoln Parish Sch. Bd. v. Ruston College, 162 So.2d 419 (La. App. 2 Cir.), writ denied, 246 La. 355, 164 So.2d 354 (1964); Haas v. Bd. of Com’rs of Red River, Atchafalaya & Bayou Boeuf Levee Dist., 206 La. 378, 19 So.2d 173 (1944).
In City of Pineville, 403 So.2d at 52, the Louisiana Supreme Court explained the importance of the distinction between actions brought by the State and actions brought by state agencies for purposes of the constitutional immunity from prescription:
[T]he “State,” for the purposes of the constitutional immunity from prescription, does not include a state agency which is a body corporate with the power to sue and be sued and which, when vested with a cause of action, is the sole party capable of asserting it. Regardless of its status as an instrumentality of the |fi[S]tate, such an agency remains a distinct legal entity subject to claims of prescription except where the law provides otherwise.
In the matter sub judice, the State brought suit against the defendants in the name of the State of Louisiana, by and through its Attorney General, pursuant to the enforcement powers of the Attorney General as provided by various laws regulating commerce in Louisiana, including, in pertinent part, LUTPA and the LMA. The State is the sole party plaintiff in this suit. The State did not file suit by or through any distinct or independent state agency or municipal corporation. No relevant provision of law provides for the running of prescription against the State in antitrust or consumer protection eases. Thus, this suit is precisely the sort of case to which the constitutional immunity from prescription has historically been confined. Cfi, Toyo Risen Kaisha, 113 So. at 128.
However, we cannot end our analysis at this point, since, under the facts of this case, the correctness of the trial court’s ruling sustaining the exception of ^prescription and peremption is dependent upon whether or not the State has a real and, actual interest in asserting each of the several claims against the defendants. Indeed, notwithstanding the fact that the State is the sole party plaintiff in this suit, the defendants maintain that the trial court correctly sustained the exception of prescription and peremption in their favor on the grounds that the State is not a real party in interest. The defendants aver that the asserted claims actually belong to an independent state agency, the Louisiana Department of Health and Hospitals (“DHH”), which does not enjoy constitutional immunity from prescription.
In light of the interconnected nature of the exception of prescription and peremption and the exception of no right of action, under the facts of this case, we find that the trial court erred in sustaining the exception of prescription and peremption and ordering the dismissal of all of the claims asserted by the State against the defendants without considering the more precise question of whether the State is a proper party in interest to pursue the several claims against the defendants under the controlling provisions of law. This latter question is more properly considered through the exception of no right of action, which exception was held in abeyance by the trial court, along with the exception of no cause of action, pending adjudication of the trial court’s ruling on the exception of prescription and peremption. Therefore, *1086 we find it necessary to vacate the trial court’s judgment sustaining the exception of prescription and peremption and remand this case to the trial court for further proceedings.
DECREE
For the foregoing reasons, we deny the State’s application for supervisory writ, maintain the appeal, vacate the trial court’s ruling sustaining the exception of prescription and peremption, and remand this case to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against the defendants-appellees, Fournier Industrie et Sante and Laboratories Four-nier, S.A., Abbott Laboratories, and Abb-Vie, Inc.
WRIT DENIED; APPEAL MAINTAINED; JUDGMENT VACATED; REMANDED.

. On January 11, 2016, Buddy Caldwell was succeeded in office as the Attorney General of Louisianaby Jeffrey "Jeff” Landry.

. In oral reasons for judgment, the trial court indicated it was unclear whether the State would need to seek review of the trial court’s judgment through an appeal or an application for supervisory writ. The State responsively filed an application for supervisory writ and sought and received a motion and order for devolutive appeal. On November 18, 2015, the State’s writ action was referred to the panel to which the merits of the State's appeal were assigned. Because the trial court's judgment sustaining the exception of prescription and peremption in favor of the defendants entirely disposed of the lawsuit against the defendants, the ruling constitutes a final and ap-pealable judgment, the merits of which are properly considered on appeal. Therefore, we deny the State's application for supervisory writ and maintain the instant appeal.

. The same substantive analysis applies to the trial court’s judgment, regardless of whether the claims are subject to the exception of prescription or peremption, because peremption is a species of prescription for purposes of the constitutional immunity from prescription provided by La. Const, art. 12, § 13. See Wooley v. Lucksinger, 06-1140 to 06-1145, 06-1158 to 06-1163 (La. App. 1 Cir. 12/30/08), 14 So.3d 311, 456 n.86, rev'd on other grounds, 09-0571, 09-0584, 09-0585, 09-0586, (La. 4/1/11), 61 So.3d 507. See also Flowers, Inc. v. Rausch, 364 So.2d 928, 931 (La. 1978).