THERIOT, J.
Abbott Laboratories and AbbVie Inc. appeal the judgment of the Nineteenth Judicial District Court overruling their peremptory exceptions of no right of action and no cause of action. Abbott Laboratories and AbbVie Inc. have also filed a supervisory writ application seeking review of the same judgment.[1] For the following reasons, we deny the supervisory writ application, reverse the trial court's judgment, and render judgment dismissing the State's petition for failure to state a cause of action.
FACTS AND PROCEDURAL HISTORY
On March 4, 2015, the State of Louisiana, by and through its Attorney General James D. "Buddy" Caldwell[2] ("the State"), *298 filed suit against Fournier Industrie Et Sante and Laboratories Fournier, S.A., Abbott Laboratories, and AbbVie Inc. (collectively "Defendants"), all of whom allegedly marketed and sold the pharmaceutical product Tricor in and to the state of Louisiana.[3] In its petition, the State alleged that Defendants had employed an unlawful scheme to prevent or delay a less expensive generic version of Tricor from entering the market. According to the State, this scheme included conduct such as filing fraudulent patent applications with the United States Patent and Trademark Office, unlawfully listing unenforceable patents in the FDA's Orange Book, "product hopping," and filing sham litigation against would-be competitors. The State claimed that, through this scheme, Defendants illegally maintained monopoly power in the market for fenofibrate in the United States for at least a decade, maintained the price of Tricor at supra-competitive levels, and overcharged the State millions of dollars by depriving it of the benefits of unrestricted competition and access to less expensive generic versions of fenofibrate. With regard to the overpayments, the State claimed that Defendants' alleged unlawful conduct caused the State, through the Louisiana Medicaid Program ("Medicaid"), to pay more for fenofibrate products than they otherwise would have paid. As a result, the State brought claims under the Louisiana Monopolies Act, La. R.S. 51:121, et seq , and Louisiana's Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, et seq. Alternatively, the State asserted that it had a claim for unjust enrichment. The State sought restitution, reimbursement for the overpayments, damages as permitted by law, reasonable attorney fees, and costs.
On May 8, 2015, AbbVie, Inc. and Abbott Laboratories (collectively "AbbVie") filed exceptions raising objections of prescription and peremption, no right of action, and no cause of action. On August 11, 2015, the trial court sustained AbbVie's objections of prescription and peremption and dismissed the State's claims for relief. In doing so, the trial court did not take up AbbVie's exceptions of no right of action or no cause of action, but held both exceptions in abeyance pending further proceedings.
The state subsequently appealed the trial court's judgment on AbbVie's exceptions. On December 22, 2016, this court found that the trial court erred in sustaining AbbVie's exception of prescription and peremption. State by and Through Caldwell v. Fournier Industrie et Sante and Laboratories Fournier, S.A., 2015-1353 (La. App. 1 Cir. 12/22/16), 208 So.3d 1081, 1085-86. Specifically, this court found that the trial court should have first considered whether the State was the proper party to bring its claims against AbbVie. Id. Thus, this court vacated the trial court's judgment and remanded the case to the trial court for further proceedings. Id. at 1086.
Following this court's ruling, the trial court considered AbbVie's objections of no right of action and no cause of action. In a supplemental brief, AbbVie argued that the only party vested with a right of action to recover for damages to Medicaid was the Louisiana Department of Health ("LDH"), meaning the Attorney General acting on behalf of the State did not have a right to recover Medicaid damages through litigation.[4] AbbVie also contended *299 that the LUTPA claim was not viable because the State had not sought injunctive relief. As to whether the State had a cause of action, AbbVie argued that the State only asserted "indirect purchaser" claims and that Louisiana antitrust law did not provide a cause of action for indirect purchasers, nor did Louisiana antitrust law provide a cause of action for alleged antitrust violations that occurred entirely outside of Louisiana. Finally, AbbVie argued that the State had no right or cause of action to bring an unjust enrichment claim, in part because the State's damages were addressed by existing laws.
On July 17, 2017, the trial court held a hearing on these objections. On July 31, 2017, the trial court overruled AbbVie's objections of no right of action and no cause of action. AbbVie subsequently filed this appeal and a writ application, raising the same arguments as the appeal.
ASSIGNMENTS OF ERROR
Appellants assign the following as error:
(1) The trial court erred when it overruled Defendants-Appellants' exception of no right of action as to all of the Petition's claims, because the real party in interest to assert the claims in the Petition is not the State of Louisiana, but rather the Louisiana Department of Health.
(2) The trial court erred when it denied Defendants-Appellants' exception of no cause of action as to the Petition's Monopolies Act claim, because the Monopolies Act does not reach the conduct alleged in the Petition.
(3) The trial court erred when it denied Defendants-Appellants' exceptions of no right or cause of action as to the Petition's unjust enrichment claim, because the Louisiana Department of Health is the only party in interest with the right of action to recover damages to Louisiana Medicaid on an unjust enrichment theory, and because an action for unjust enrichment cannot lie where express laws exist that address the complained-of conduct.
(4) The trial court erred when it overruled Defendants-Appellants' exception of no cause of action as to all of the Petition's claims, because Louisiana law does not provide a cause of action for indirect purchasers of a product.
STANDARD OF REVIEW
The standard of review of a ruling on an exception of no right of action, which presents a question of law, is de novo. LeCompte v. Continental Casualty Co., 2016-1359 (La. App. 1 Cir. 7/12/17), 224 So.3d 1005, 1009, writ denied , 2017-1525 (La. App. 1 Cir. 12/15/17), 231 So.3d 635. Further, appellate review of a peremptory exception of no cause of action is de novo because an exception of no cause of action presents a question of law and the trial court's decision is based only on the sufficiency of the petition. CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc., 2015-1260 (La. App. 1 Cir. 9/23/15), 182 So.3d 1009, 1016. Appellate review regarding questions of law is "simply a review of whether the trial court was legally correct or legally incorrect." Id.
DISCUSSION
We first address a pending rule to show cause regarding whether this court has appellate jurisdiction over this appeal and an existing writ application.
Rule to Show Cause and Writ Application
This court, ex proprio motu, issued a rule to show cause on November 8, 2017, on the basis that the judgment appeared to be a non-appealable ruling. On December 28, 2017, a panel of this court referred the order to the appeal panel. Subsequently, *300 the State argued in a show cause brief that the trial court's judgment overruling AbbVie's exceptions of no right of action and no cause of action was not appealable because it was an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment. La. Code Civ. P. art. 1841. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. Code Civ. P. art. 1841. An interlocutory judgment is appealable only when expressly provided by law. La. Code Civ. P. art. 2083.
The overruling of a peremptory exception of no right of action is an interlocutory judgment. Bennett v. Arkansas Blue Cross Blue Shield, 2005-1714 (La. App. 1 Cir. 9/15/06), 943 So.2d 1124, 1126. Further, the trial court's decision overruling the peremptory exception raising the objection of no cause of action is an interlocutory judgment. Reid v. Reid, 2010-2000 (La. App. 1 Cir. 2/11/11), 2011 WL 2120057, at *1 (unreported). Accordingly, the trial court's judgment in the present case is an interlocutory judgment and is only appealable if expressly provided by law. La. Code Civ. P. art. 2083.
Although interlocutory judgments are generally not appealable, La. R.S. 51:134 and 51:135 provide for an immediate appeal of interlocutory judgments related to antitrust claims. HPC Biologicals, Inc. v.UnitedHealthcare of Louisiana, Inc., 2016-0585 (La. App. 1 Cir. 5/26/16), 194 So.3d 784, 792.
Louisiana Revised Statutes 51:135 states:
All interlocutory judgments in the cases affected by this Part, and not otherwise provided for, shall be appealable within five days and shall be heard and determined within twenty days after appeal is lodged, and any interlocutory judgments not appealed, except those rendered during the progress of the trial, shall be final, and shall not be reopened on final appeal. Such appeals shall be on the original papers, on the order of the district judge, if a transcript cannot be prepared in time.
Because the State asserts claims under the Louisiana Monopolies Act, which is contained in La. R.S. 51:121, et seq. , La. R.S. 51:135 is applicable. This court's jurisprudence has consistently stated that La. R.S. 51:134 and 51:135 provide for an immediate appeal of such an interlocutory judgment related to antitrust claims. See HPC Biologicals, Inc., 194 So.3d at 792 ; see also CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc., 2015-0881 (La. App. 1 Cir. 7/14/15), 180 So.3d 382, 383 ; Van Hoose v. Gravois, 2011-0976 (La. App. 1 Cir. 7/7/11), 70 So.3d 1017, 1021-22 ; Plaquemine Marine, Inc. v. Mercury Marine, 2003-1036 (La. App. 1 Cir. 7/25/03), 859 So.2d 110, 114, n. 3. Accordingly, as long as AbbVie appealed the interlocutory judgment within five days, AbbVie's appeal is proper under La. R.S. 51:135. The parties were notified of the judgment overruling AbbVie's exceptions of no right of action and no cause of action on Thursday, August 3, 2017. AbbVie submitted their motion for appeal on Thursday, August 10, 2017. Because legal holidays are not to be included in the computation of a period of time allowed or prescribed when that time period is less than seven days, AbbVie timely filed its appeal on the fifth day of the applicable time period. See La. Code Civ. P. art. 5059.
As previously stated, AbbVie filed both an appeal and a writ application after the trial court's overruling of its objections. While there is no specific statutory provision providing for an immediate appeal *301 of an interlocutory judgment related to LUTPA claims, some courts have addressed LUTPA claims along with antitrust claims on appeals authorized by R.S. 51:134 and 51:135. See Southern Tool & Supply, Inc. v. Beerman Precision, Inc., 2003-0960 (La. App. 4 Cir. 11/26/03), 862 So.2d 271, writs denied , 2003-3481, 2003-3518, & 2003-3536 (La. 3/12/04), 869 So.2d 821, 825, & 826; see also Jefferson v. Chevron U.S.A. Inc., 97-2436, 98-0254 (La. App. 4 Cir. 5/20/98), 713 So.2d 785, writ denied , 98-1681 (La. 10/16/98), 727 So.2d 441.[5] Accordingly, because we find that this appeal is proper under the Louisiana Monopolies Act, we deny the writ application.
Assignment of Error # 1
In its first assignment of error, AbbVie argues that the trial court erred in overruling AbbVie's exception of no right of action as to all of the petition's claims, because the real party in interest to assert the claims is LDH, not the State. As such, AbbVie argues that LDH is the only party that can seek reimbursement of the Medicaid funds at issue.
The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. Code Civ. P. art. 927(A)(6) ; Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La. 3/17/06), 929 So.2d 1211, 1217. In examining an exception of no right of action, a court should focus on whether the particular plaintiff has a right to bring the suit, but assume that the petition states a valid cause of action for some person. Turner v. Busby, 2003-3444 (La. 9/9/04), 883 So.2d 412, 415.
This court addressed the issue of whether the State has a right of action under LUTPA in State, by and through Caldwell v. Astra Zeneca AB, 2016-1073 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 2018 WL 1755535. Therein, this court found that the State itself had a right of action under LUTPA, including a specific right to seek civil penalties and restitution. Id. at 41-43, 2018 WL 1755535, at *4-6 (citing State v. Abbott Laboratories, Inc., 2015-1626, 2015-1854 (La. App. 1 Cir. 10/21/16), 208 So.3d 384, 389, writs denied , 2017-0125, 2017-0149 (La. 3/13/17) 216 So.3d 802, 808); see also La. R.S. 51:1407(B) and La. R.S. 51:1408(A)(5). Accordingly, the State has a right of action under LUTPA to bring claims against AbbVie. However, we must also decide whether the State has a cause of action under LUTPA.
In Astra Zeneca AB , this court noted that "LUTPA, by its terms, gives the State a cause of action, as well as a right of action[.]" Astra Zeneca AB, at 47-48,2018 WL 1755535, at *12-13,. However, this court declined to address the issue of whether the State could seek the remedies available under La. R.S. 51:1407(B) without having sought injunctive relief pursuant to La. R.S. 51:1407(A). Astra Zeneca AB, at 42, n.3, 2018 WL 1755535, at *5 n.3. AbbVie also raises another issue not addressed *302 in Astra Zeneca AB ; namely, whether the State can seek civil penalties or restitution when the conduct alleged in the petition occurred prior to the 2006 amendment that added civil penalties and restitution as potential relief in LUTPA cases. AbbVie raised this issue with the trial court and with this court on appeal. As such, we must address this issue.
In 2006, several amendments were made to LUTPA, including provisions allowing for civil penalties and restitution against any person found to have committed a LUTPA violation. La. R.S. 51:1407(B)-(E) and La. R.S. 51:1408(A)(5). There are no provisions which expressly state that any of the 2006 amendments are retroactive. See La. R.S. 1:2. However, the retroactivity of the 2006 amendment was specifically addressed by the Louisiana Supreme Court in State v. Foret , 2015-1298 (La. 1/27/16), 188 So.3d 154. Therein, the Louisiana Attorney General filed a civil suit in 2013 against Dr. Foret under the Sledge Jeansonne Louisiana Insurance Fraud Prevention Act ("the Sledge Jeansonne Act"). Foret , 188 So.3d at 155. The Attorney General also sought civil monetary penalties under LUTPA for violations of La. R.S. 51:1405. Id. at 156. The Louisiana Supreme Court subsequently conducted a review of the legislative history of the Sledge Jeansonne Act and LUTPA, and found no clear expression of legislative intent as to the retroactive application of these laws. Id. at 159-60. The Louisiana Supreme Court concluded that it could not apply the provisions of LUTPA to Dr. Foret's acts of criminal misconduct that preceded the effective date of the relevant LUTPA amendment, which allowed the State Attorney General to seek penalties for unlawful, unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce. Id. at 162-63. As such, the 2006 amendment to LUTPA, which allows for civil penalties and restitution, cannot be applied retroactively. Thus, only injunctive relief is available for LUTPA violations occurring prior to the 2006 amendment.
Herein, the State's petition alleges various acts of misconduct, all occurring between 2000 and 2005. Because we cannot retroactively apply the 2006 amendment to alleged violations occurring prior to the effective date of that amendment, we find that the State cannot state a cause of action for civil penalties or restitution under LUTPA. In deciding this issue, we do not address whether the State could seek civil penalties or restitution without having sought injunctive relief pursuant to La. R.S. 1407(A).
Assignment of Error # 2
In its second assignment of error, AbbVie argues that the trial court erred in denying its exception of no cause of action as to the Monopolies Act claim because the alleged acts did not occur in Louisiana or have the purpose of affecting trade in Louisiana. An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition and is triable on the face of the petition. Badeaux, 929 So.2d at 1217. To determine the issues raised by the exception of no cause of action, each well-pleaded fact in the petition must be accepted as true. Id. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. Id. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Id. If the petition states a cause of action on any ground or portion of *303 the demand, the exception should generally be overruled. Id.
The State cannot state a cause of action for violations of the Louisiana Monopolies Act based on the operative facts (i.e. AbbVie's activities) that occurred outside of the geographic boundaries of Louisiana. The Louisiana Monopolies Act defines commerce as "trade or commerce within the geographic boundaries of this state." La. R.S. 51:121 (emphasis added). Further, the Louisiana Monopolies Act states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal." La. R.S. 51:122(A) (emphasis added). The alleged illegal acts in the State's petition include patent infringement actions filed in Illinois and Delaware. Although the State alleges that AbbVie's acts affected commerce within Louisiana and that AbbVie sold TriCor within Louisiana, the alleged wrongful acts occurred outside of the geographic boundaries of Louisiana. Accordingly, the State failed to state a cause of action under the Louisiana Monopolies Act.
Assignment of Error # 3
In its third assignment of error, AbbVie argues that the trial court erred in denying its exceptions of no right and no cause of action as to the State's unjust enrichment claim. In its petition, the State alleges that AbbVie's acts resulted in financial benefit, i.e. profits resulting from unlawful overcharges and monopoly profits. The State argues that it is inequitable to allow AbbVie to retain those overcharges and profits and that AbbVie should be compelled to repay those profits.
The root principle of unjust enrichment is that the plaintiff suffers an economic detriment for which he should not be responsible, while the defendant receives an economic benefit for which he has not paid. Coastal Environmental Specialists, Inc. v. Chem-Lig Intern., Inc., 2000-1936 (La. App. 1 Cir. 11/9/01), 818 So.2d 12, 19. An action for unjust enrichment is allowed only when the plaintiff has no other remedy at law. Id. However, where there is a rule of law directed to the issue, an action must not be allowed to defeat the purpose of said rule. Id. Stated differently, unjust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided. Id. Because the State has no cause of action under LUTPA or the Louisiana Monopolies Act, it cannot employ a subsidiary unjust enrichment claim to circumvent this rule. Astra Zeneca AB, at 44-45, 2018 WL 1755535, at *8 (Welch, J., dissenting); see also Coastal EnvironmentalSpecialists, Inc. v. Chem-Lig Intern., Inc., 2000-1936 (La. App. 1 Cir. 11/9/01), 818 So.2d 12, 19. Accordingly, the State failed to state a cause of action for unjust enrichment.
Assignment of Error # 4
In its fourth assignment of error, AbbVie argues that the trial court erred in overruling AbbVie's exception of no cause of action as to the State's Louisiana Monopolies Act claim, because Louisiana law does not provide a cause of action to indirect purchasers of a product. AbbVie bases this argument on Illinois Brick Co. v. Illinois, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), in which the United States Supreme Court held that only a direct purchaser may bring an action under the federal antitrust provision.
The Louisiana Monopolies Act states that "[n]o person shall monopolize, or attempt to monopolize, or combine, or conspire with any person to monopolize any part of the trade or commerce within this state." La. R.S. 51:123. In Illinois Brick Co. v. Illinois, 431 U.S. 720, 728-29, 97 S.Ct. 2061, 2066, 52 L.Ed.2d 707 (1977), the United States Supreme Court held *304 that only a direct purchaser may bring an action under § 4 of the Clayton Act, or the federal antitrust provision (akin to the Louisiana Monopolies Act). The United States Supreme Court further held that indirect purchasers were not entitled to recover, citing the unique nature of antitrust litigation, issues of multiple recovery, and the problem of allocating damages if indirect purchasers were allowed to bring suit. Illinois Brick Co., 431 U.S. at 730-35, 737-38, 97 S.Ct. 2061. In a later case, the United States Supreme Court held that federal antitrust laws do not, however, preempt states from enacting statutes that allow indirect purchasers to recover damages for their injuries. See California v. ARC America Corp., 490 U.S. 93, 101-02, 109 S.Ct. 1661, 1665-66, 104 L.Ed.2d 86 (1989) (rejecting the argument that California's antitrust law, which specifically allows indirect purchaser actions, was preempted by federal law).
AbbVie's argument regarding indirect purchasers is identical to AstraZeneca's argument in Astra Zeneca AB . This court previously discussed this argument, stating:
AstraZeneca further contends that even if the State has a right of action, it cannot maintain a cause of action as an indirect purchaser of the prescription drug at issue. Although AstraZeneca couches this argument in terms of "no cause," the argument in essence is one of no right. In other words, AstraZeneca asserts that because the State is an indirect purchaser, it has no right to assert claims under LUTPA or the Monopolies Act.
[...]
Regardless of whether the State is an indirect purchaser ... the State itself has a right of action under LUTPA, including a specific right of action to seek civil penalties and restitution. On this limited record based solely on the exceptions, we make no determination of whether Louisiana would follow Illinois Brick with regard to the indirect purchaser rule, as we need not decide this issue to determine whether the State has any right of action.
Astra Zeneca AB, at 47-48, 2018 WL 1755535, at *6. Accordingly, this court declined to address whether Louisiana would follow Illinois Brick.
Like AstraZeneca's argument in Astra Zeneca AB , AbbVie's argument that indirect purchasers lack standing to assert claims and pursue damages for alleged antitrust violations is an argument of no right of action. However, because we find that the State fails to state a cause of action under both LUTPA and the Monopolies Act, and we find the State does not have a cause of action as to its unjust enrichment claim, we need not determine whether Louisiana would follow Illinois Brick . We must dismiss the State's petition for failure to state a cause of action. Therefore, we pretermit any discussion as to whether the State has a right of action.
DECREE
For the above and foregoing reasons, we deny Abbott Laboratories and AbbVie Inc.'s writ application. We reverse the judgment of the Nineteenth Judicial District Court overruling Abbott Laboratories and AbbVie Inc.'s peremptory exceptions of no cause of action as to the State's Louisiana Unfair Trade Practices Act claim, its Louisiana Monopolies Act claim, and its unjust enrichment claim. We render judgment dismissing the State's petition for failure to state a cause of action. Costs of this appeal in the amount of $4,020.00 are assessed to Appellee, the State of Louisiana, by and through its Attorney General James D. "Buddy" Caldwell.
*305 WRIT DENIED; REVERSED AND RENDERED.
Given that the State fails to state a cause of action under the Louisiana Monopolies Act, I concur. The State has not alleged any violations occurring in intrastate commerce. Rather, all alleged antitrust acts occurred outside of the State of Louisiana even though the acts allegedly affected Louisiana interests. The policy decision of whether to expand Louisiana's antitrust law is reserved to our legislature.
I note that Louisiana's Monopolies Act utilizes language similar to Alabama's Monopolies Act. In reviewing its act, the Alabama Supreme Court stated: "Thus, [Alabama's antitrust statutes] regulate monopolistic activities that occur 'within this state'-within the geographic boundaries of this state-even if such activities fall within the scope of the Commerce Clause of the Constitution of the United States. We leave to the Legislature the policy decision of whether to expand the reach of Alabama's antitrust statutes to activities that cross state boundaries." Abbott Laboratories v. Durrett, 746 So.2d 316, 339 (Ala. 1999).
I recognize that some other states have amended their antitrust laws to also apply to interstate commerce in circumstances when antitrust acts occur solely outside of the state, but substantially affect the people of a state. See Olstad v. Microsoft Corp., 284 Wis.2d 224, 700 N.W.2d 139, 156 & 157 (Wis. 2005) ("The Legislature deleted references to 'in this state' in the Little Sherman Act portion of the chapter.... In Wisconsin, the interpretation of our statute has changed not only because of evolution in constitutional theory, but also because the legislature acted to repeal and recreate Chapter 133 in 1980, with altered language.")[1]
Because the Louisiana Legislature has not broadened the scope of Louisiana's antitrust laws, I concur with the result reached.

The supervisory writ application filed by Abbott Laboratories and AbbVie Inc. was referred to this panel. See State of Louisiana by and through its Attorney General, James Caldwell v. Fournier Industrie et Sante and Laboratories S.A., Abbott Laboratories, AbbVie, Inc., 2017-1218 (La. App. 1 Cir. 12/28/17), 2017 WL 9988631 (unpublished writ action).

On January 11, 2016, James D. "Buddy" Caldwell was succeeded in office as the Attorney General of Louisiana by Jeffrey "Jeff" Landry.

Tricor is a drug used to treat high cholesterol and high triglyceride levels. The generic equivalent of Tricor is fenofibrate.

The Louisiana Department of Health was formerly known as the Department of Health and Hospitals.

An appeal may be taken as a matter of right from an interlocutory order or judgment relating to an antitrust claim. See La. R.S. 51:134 and 51:135. Furthermore, in the case of a restricted appeal, such as this, an appellant may also challenge interlocutory rulings involving the same or related issues. Roba, Inc. v. Courtney, 2009-0509 (La. App. 1 Cir. 8/10/10), 47 So.3d 509, 514 n.12 ; State ex rel. Div. of Admin., Office of Risk Management v. National Union Fire Ins. Co. of Louisiana, 2010-0689 (La. App. 1 Cir. 2/11/11), 56 So.3d 1236, 1242, writ denied , 2011-0849 (La. 6/3/11), 63 So.3d 1023. In this case, the issues relating to the antitrust claims are integral to the issues relating to the LUTPA claims. As such, the issues relating to the LUTPA claims are properly before us in this restricted appeal of a judgment relating to the antitrust claims.

For a detailed discussion of the history of federal antitrust law and its interplay with state antitrust law see Olstad. The Olstad court also recognized that while states can regulate interstate commerce in some circumstances, "[s]tate law is precluded from regulating interstate commerce only if it 'unduly burden[s]' interstate commerce." 700 N.W.2d at 143 (citing Von Kalinowski, Antitrust Laws & Trade Regulation § 100.03 (2d ed.2004) ).