697 So.2d 1037 (1997)
Steven A. FONTANA
v.
LOUISIANA SHERIFFS' AUTOMOBILE RISK PROGRAM, et al.
No. 96 CA 2752.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*1038 Danny J. Lirette, Houma, for Plaintiff-Appellant Steven A. Fontana.
James L. Selman, II, New Orleans, and Michele W. Crosby, Baton Rouge, for Alliance General Insurance Co.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
LOTTINGER, Chief Judge.
This is an appeal from the trial court's judgment denying penalties and attorney's fees under La. R.S. 22:658.

BACKGROUND
Steven Fontana, a sergeant with the Terrebonne Parish Sheriff's Department, was involved in an automobile accident while on patrol on January 3, 1993. Micheal Bourgeois, who admitted to being intoxicated at the time of the accident, rear-ended Fontana upon exiting the Gulf Intracoastal Waterway Tunnel in Houma, Louisiana. Fontana filed an action for damages on December 30, 1993, against Sheriff Jerry J. Larpenter, the department's uninsured motorist (UM) carrier, Louisiana Sheriffs' Automobile Risk Management Program (LASHARP) and the department's excess UM insurer, Alliance General Insurance Company (Alliance). Micheal Bourgeois and his insurer, Allstate Insurance Company, were named as defendants in a third party demand filed by Alliance.
On November 27, 1995, LASHARP unconditionally tendered its policy limits of $25,000.00 through the registry of the court. Fontana withdrew these funds on January 5, 1996, three days before trial. On the morning of trial, Fontana settled with Bourgeois and Allstate for $10,000.00, the limits of Bourgeois' liability policy.
When the jury trial commenced, the parties agreed to submit the claim for penalties and attorney's fees under La. R.S. 22:658 to the court. The jury returned a verdict in favor of Fontana and against Alliance for $268,750.00. Alliance appealed this adverse judgment, and this court affirmed the decision in Fontana v. Louisiana Sheriffs' Automobile Risk Program, 96-1579 (La.App. 1 Cir. 6/20/97); 697 So.2d 1030.
The trial court then denied Fontana's request for penalties and attorney's fees pursuant to La. R.S. 22:658. In written reasons for judgment, the trial court stated:
According to the policy language of the insurance contract issued by Alliance General, their liability does not attach until after the underlying insurers have paid or been made to pay their policy limits.... According to the Court's calculations, the 30 day time period under La. R.S. 22:658 did not begin to run against Alliance General until after the immediate underlying insurer, LaSHARP paid. Since the plaintiff petitioned to withdraw those funds on January 5, 1996, as of the time of trial [January 8, 1996], the Court does not find that the 30 day time period with[in] which to make a reasonable tender had expired *1039 against Alliance General. Therefore, as of the time of trial, the Court does not find that Alliance General Insurance Company violated La. R.S. 22:658, in failing to tender a reasonable amount within 30 days of receiving satisfactory proof of loss.
The trial court went on to hold that even if the 30 days had expired, Alliance's failure to tender payment was not arbitrary and capricious, and therefore, was not a violation of La. R.S. 22:658. Fontana appeals asserting that the trial court erred in refusing to assess penalties and attorney's fees.
While we are inclined to agree with the trial court's conclusion regarding the 30 day time period, we need not reach a decision on that issue since we agree that Alliance's failure to tender payment was not arbitrary and capricious.

ENTITLEMENT TO PENALTIES AND ATTORNEY'S FEES
La. R.S. 22:658 provides for the imposition of a 10% penalty and an award of attorney's fees against an insurer that fails to pay a claim due its insured within 30 days of receipt of satisfactory proof of loss if said failure is arbitrary, capricious or without probable cause.
For a party to prevail under La. R.S. 22:658, the claimant must establish that the insurer received satisfactory proof of loss, failed to pay the claim within the applicable statutory period and that the failure to timely tender a reasonable amount was arbitrary and capricious. Khaled v. Windham, 94-2171, p. 9 (La.App. 1 Cir. 6/23/95); 657 So.2d 672, 679. A "satisfactory proof of loss" within the meaning of La. R.S. 22:658 is that which is sufficient to fully apprise the insurer of the insured's claim. McDill v. Utica Mutual Insurance Company, 475 So.2d 1085, 1089 (La.1985); Khaled, 657 So.2d at 679. To establish a "satisfactory proof of loss," the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. McDill, 475 So.2d at 1089.
The determination as to whether an insurer's handling of a claim is arbitrary and capricious is one of fact which should not be disturbed in the absence of manifest error. Khaled, 657 So.2d at 679; Bauer v. White, 532 So.2d 506, 509 (La.App. 1st Cir.1988).
In brief, Fontana claims that Alliance was mailed copies of Fontana's medical records and bills on June 27, 1995, and deposed Bourgeois on July 10, 1995. Based on the records, bills and deposition, Fontana asserts that as of July 10, 1995, Alliance was aware that Fontana was injured in an automobile accident caused by an intoxicated driver. Alliance was aware that Fontana underwent a two level anterior cervical discectomy and fusion on November 17, 1993. Furthermore, Alliance was aware that Bourgeois' policy provided liability limits of only $10,000.00 and that the underlying primary UM coverage provided by LASHARP was $25,000.00. Also at this time, Alliance was aware that Fontana's medical expenses exceeded the $35,000.00 underlying coverage available through Bourgeois' insurer and LASHARP. Fontana asserts that Alliance was required to make a good faith tender since it had all the information necessary to determine that Bourgeois was at fault, that Fontana has sustained injuries as a result of the accident and that Fontana's medical expenses alone exceeded $35,000.00.
Considering the record in its entirety, we conclude that the trial court did not commit manifest error in denying penalties and attorney's fees. The trial court's conclusion that Alliance was not provided with satisfactory proof of loss is a reasonable one based on the record.
First, the extent of Fontana's injuries were the center of dispute. Alliance asserts that the evidence it received supported a conclusion that Fontana received only soft tissue injuries in the automobile accident and that surgery was not warranted. Initially, Fontana was diagnosed with a cervical strain and left shoulder contusion. X-rays, MRI's and nerve conduction studies over the next several months were normal, except for mild pre-existing degenerative changes. On Fontana's *1040 first and only visit to orthopedic surgeon, Dr. William Kinnard, the doctor found Fontana's x-rays and MRI normal and diagnosed a cervical strain. Prior to seeking out the services of orthopedic surgeon Dr. Charles Billings, Fontana was treated by a chiropractor with whom he made "excellent progress." It was not until Fontana underwent a controversial test known as a discogram that Dr. Billings discovered a basis for the surgery.
Second, following the surgery, Fontana was involved in two accidents in which he could have suffered neck injuries which caused or greatly contributed to his continued complaints of pain. The first incident occurred at work while Fontana was observing a defensive tactics course. Fontana stated that the instructor "grabbed me by the back of my head, my chin and twisted my neck. When he twisted my neck it gave me a cold sweat like I want to throw up, cold sweat feeling of I want to pass out." Dr. Billings' records indicated that following surgery Fontana had experienced substantial relief from his symptoms until the work related incident. In the second incident, Fontana was attached by several individuals in a restaurant parking lot, pushed into a brick wall where he hit his head and then beaten in the back of the head until he passed out.
We have carefully reviewed the entire record in this matter and agree with the trial court's finding that "there was a reasonable and legitimate question as to the extent and causation of the plaintiff's injuries." We cannot say that the trial court was manifestly erroneous in finding that Alliance was not arbitrary and capricious in failing to make a tender to Fontana and in denying penalties and attorney's fees under La. R.S. 22:658.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Plaintiff, Steven Fontana, is cast for the costs of these proceedings.
AFFIRMED.