943 So.2d 1124 (2006)
Desiree BENNETT
v.
ARKANSAS BLUE CROSS BLUE SHIELD.
No. 2005 CA 1714.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
David L. Bateman, Baton Rouge, Counsel for Plaintiff/Appellee Desiree Bennett.
Frank R. Whiteley, John V. Quaglino, Baton Rouge, Counsel for Defendant/Appellant Arkansas Blue Cross-Blue Shield.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
This case illustrates some continuing confusion on the part of both the bench and bar as to the nature and propriety of certification of appealability of judgments under La. C.C.P. art. 1915(B). We dismiss this appeal for the following reasons.
The defendant-appellant, Arkansas Blue Cross-Blue Shield (Blue Cross), appeals the judgment of the Office of Workers' Compensation Administration, District 5, overruling its peremptory exception of no right of action and denying its alternate motion for summary judgment. The hearing on the exception and alternate motion was held on September 13, 2002, and the judgment was signed by the workers' compensation judge (WCJ) on November 20, 2002.
*1126 On December 13, 2002, Blue Cross filed a motion for a suspensive appeal of the judgment. An order of appeal was signed on December 16, 2002. The order specifically provided "that the judgment rendered on November 20, 2002 is final for purposes of appeal."
This court ex proprio motu ordered the parties to show cause why the appeal should not be dismissed. On August 26, 2003, we ordered the appeal dismissed on the grounds that the judgment was "interlocutory and, therefore, non-appealable." Bennett v. Arkansas Blue Cross Blue Shield, 2003 CA 1314 (La.App. 1st Cir.8/26/03) (Unpublished opinion). In doing so, however, we generously allowed Blue Cross until September 15, 2003 to file an application for review under our supervisory jurisdiction. The record shows that no such application was filed.
On March 14, 2005, the WCJ signed another judgment relating to Blue Cross's exception and alternate motion, to the same effect as the earlier judgment, but with the addition of the following language:
IT IS FURTHER ORDERED that this Judgment is FINAL for purposes of appeal.
IT IS FURTHER ORDERED that there is no just reason for delaying the appeal as defendant's denial of plaintiff's claim for additional workers' compensation is set forth in its Exception and Motion.
Appellate review at this time serves judicial economy as the trial court has denied the correctness of defendant's legal basis for non-payment.
(Emphasis in original.) Blue Cross now seeks to appeal this later judgment.

DISCUSSION
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Jackson National Life Insurance Company v. Kennedy-Fagan, 03-0054, p. 4 (La.App. 1st Cir.2/6/04), 873 So.2d 44, 47, writ denied, 04-0600 (La.4/23/04), 870 So.2d 307. We are compelled to fulfill that duty here.
The overruling of a peremptory exception of no right of action is an interlocutory judgment. Jarrell v. Carter, 577 So.2d 120, 124 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La.1991). A judgment denying a motion for summary judgment is also interlocutory in nature. Thus, an appeal does not lie from the court's refusal to render summary judgment. See La. C.C.P. art. 968. The judgment at issue did not determine the merits of Ms. Bennett's claim; thus, it is clearly interlocutory. See La. C.C.P. art. 1841.
At the time this appeal was taken, La. C.C.P. art. 2083 provided that an appeal could be taken from a final judgment or "an interlocutory judgment which may cause irreparable injury."[1] Irreparable injury for purpose of such an appeal exists only where the interlocutory judgment cannot, as a practical matter, be corrected on an appeal following a determination of the merits. Collins v. Prudential Insurance Company of America, 99-1423, p. 6 (La.1/19/00), 752 So.2d 825, 829. Blue Cross has neither alleged nor shown such irreparable injury.
*1127 During the hearing of oral argument, we questioned Blue Cross's counsel regarding the interlocutory character of the second or amended judgment and the propriety of this appeal. Counsel explained that the parties and the WCJ had agreed that the judgment should be certified as immediately appealable to resolve the issues presented by Blue Cross's exception and motion. In his subsequent argument, after we had already broached the subject, Ms. Bennett's counsel moved to dismiss the appeal as improper.
We initially address the latter oral motion. We note that nowhere in his brief to this court did Ms. Bennett's counsel discuss or raise any objection to the procedural propriety of the present appeal, nor did he submit a prior motion to dismiss the appeal pursuant to Rule 2-8.1 of the Uniform Rules of Louisiana Courts of Appeal. Further, counsel failed to make his oral motion in open court during the time period authorized by Rule 2-7.1. We decline to consider the motion.
The present appeal is plainly improper, given that the second or amended judgment simply has no legal effect. While an interlocutory judgment, in contrast to a final judgment, may be substantively amended, its character as an interlocutory judgment is still determined by the nature of the relief granted. The addition of talismanic "certification" language in a "new" or amended judgment cannot serve to magically transform an interlocutory judgment into an appealable partial final judgment under La. C.C.P. art. 1915(B). See Belanger v. Gabriel Chemicals, Inc., 00-0747, p. 5 (La.App. 1st Cir.5/23/01), 787 So.2d 559, 563, writ denied, 01-2289 (La.11/16/01), 802 So.2d 612. The judgment is still interlocutory, and such legal alchemy is of no avail. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. La. C.C.P. art. 3.
We decline in our discretion to treat this appeal as an application for supervisory writs, as it was taken long after the expiration of the suspensive and devolutive appeal delays and the extended period previously granted Blue Cross for filing a writ application. We have no jurisdiction to hear this appeal and therefore dismiss it sua sponte. See La. C.C.P. art. 2162.[2] All costs of this appeal are assessed to the defendant-appellant, Arkansas Blue Cross-Blue Shield.
ORAL MOTION NOT CONSIDERED; APPEAL DISMISSED.
KUHN, J., concurs in the result.
NOTES
[1] Article 2083 was amended by Acts 2005, No. 205, § 1, effective January 1, 2006, to authorize the appeal of an interlocutory judgment "only when expressly provided by law." In the absence of legislation expressly authorizing an appeal of an interlocutory judgment, a party should now seek review under the appellate court's supervisory authority. La. C.C.P.2083, Comments  2005, (a), (b).
[2] In doing so, we note that this appeal treads dangerously close to the precipice of frivolity, if it does not actually take that perilous plunge. See La. C.C.P. art. 863(B), (D). We decline, however, to consider sanctions, but instead commend counsel for both parties to closer study of this aspect of appellate procedure.