PER CURIAM.
|sThis matter is before us on immediate appeal from interlocutory rulings related to antitrust claims. See La. R.S. 51:134— 35. CamSoft Data Systems, Inc; (“Cam-Soft”) seeks declaratory judgment, supplemental relief, attorney’s fees, and damages stemming from a prolonged- controversy regarding sales of wireless surveillance systems. CamSoft makes numerous legal claims against eighteen named defendants. Various defendants filed certain exceptions, all of which were taken under advisement by the trial court following a hearing on April 20, 2015.[1] Those exceptions that are relevant to this immediate appeal are directed at CamSoft’s antitrust claims and include:
• peremptory exception raising the objection of no cause of action filed by Dell, Inc. and Dell Marketing, L.P. (“Dell”);
• peremptory exception raising the objection of no cause of action filed by MMR Constructors, Inc., MMR Group, Inc., and MMR Offshore Services, Inc. (“MMR”);
• peremptory exception raising the objection of no cause of action filed by Billy Ridge;
• peremptory exception raising the objections of prescription and no cause of action filed by Mark Kurt; and
•. peremptory exception raising the objections of prescription and no cause of action filed by Ciber, Inc,
In, a minute entry dated May 21, 2015, the trial court stated, in pertinent part as follows:
This matter comes before the Court on several exceptions ... all of which the Court had previously considered ... under advisement. The Court being of the opinion that this expansive petition contains factual allegations sufficient to state and support a cause of action, the Court hereby overrules the exceptions ... With respect to the -... Exception of No Cause .of Action filed on behalf of Dell as well as the Exception of No Cause of Action on behalf of MMR Constructors, Inc.,-MMR Offshore Services, Inc., MMR Group, Inc., and Billy Ridge, the Court finds that the exceptions are not well founded and hereby overrules them. With respect to the exception filed on behalf of Ciber, Inc., the Court will allow additional argument and.notify, counsel. ■ With respect to the 14exceptions filed on behalf of Mark Kurt, the Court finds that they are not well founded and hereby overrules them.
The defendants now appeal the trial court’s rulings in accordance with the expedited appeal delays provided by La. R.S. 51:334-135.[2] Though the denial of an exception of no cause of action is normally not appealable. La. R.S. 51:134-35 provides for an immediate appeal of such an interlocutory ruling related to antitrust claims. Van Hoose v. Gravois, 11-0976 (La.App. 1 Cir. 7/7/11), 70 So.3d 1017, 1021.
*384 Interlocutory rulings generally are not required to be reduced to writing. The rendition of an interlocutory judgment in open court constitutes notice to all parties. La. C.C.P. art. 1914(A). Pursuant to La. C.C.P. art. 1914(B), however, a judgment on an interlocutory matter must be reduced to writing when the trial court takes the matter under advisement. See Barlow v. Barlow, 13-1092 (La.App. 3 Cir. 10/23/13), 161 So.3d 24, 27. Based on the record, all of the exceptions currently before us on appeal were taken under advisement by the trial court following the April 20, 2015 hearing. Therefore, pursuant to La. C.C.P. art. 1914(B), the trial court was required to reduce its ruling to writing. The record contains no such written ruling.
Accordingly, we hereby dismiss this appeal and remand this matter to the trial court. The trial court is hereby instructed to render and sign a written judgment containing its individual rulings as to each defendant and on each of the exceptions pertaining to the antitrust claims as listed previously herein.
We issue this memorandum opinion pursuant to Uniform Rules — Courts of Appeal, Rule 2-16.1(B). All costs of this appeal are assessed equally among the defendants-appellants, Dell, Inc., Dell Marketing, L.P., Ciber, Inc., MMR | ¡(Constructors, Inc., MMR Group, Inc., MMR Offshore Services, Inc., Mark Kurt, and Billy Ridge.
APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.

. The minute entry indicates that "all [e]xcep-tions” were before the trial court on April 20, 2015.

. Ciber noticed, moved, and received an order of appeal of the trial court’s "denial” of its peremptory exceptions raising the objections of prescription and no cause of action. We note, however, that based on the May 21, 2015 minute entry contained in the record, it appears the trial court took no action related to Ciber’s two exceptions. The court stated, "With respect to the exception ” (emphasis added), the court would allow "additional argument” related thereto.